DIEZ, PLAINTIFF AND APPELLANT, *v.* GREEN ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Mayagüez in an Action of Nullity of Deed.

No. 2769.—Decided February 19, 1924.

PRESCRIPTION.—The bringing of an action during the period of prescription interrupts the prescription although the court may not have jurisdiction of the action.

MORTGAGE—AGENCY.—The agent acknowledged that his principal owed Enrique O. Green the sum of $5,000 and as security created a mortgage on a property of his principal who later sued for its annulment on the grounds that he did not owe the debt and that his agent was without authority. *Held:* That as the power of attorney gave authority, among other things, to create mortgages and sign promissory notes, the action for annulment does not lie.

The facts are stated in the opinion.

*Messrs. H. R. Francis* and *G. López de Victoria* for the appellant.

*Mr. A. A. Vázquez* for the appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

By a public deed of June 1, 1914, José B. Pérez, as attorney in fact of Antonio Diez González, acknowledged that his principal owed to Enrique O. Green the sum of $5,000, payable within one year, and to secure its payment he mortgaged the property called Mallorquina belonging to Diez. This deed was recorded in the registry of property on June 17th of the same year and in December of 1920 Antonio Diez

González brought the present action against José B. Pérez and Enrique O. Green praying for the annulment of the said mortgage deed and the cancelation of its record in the registry of property. He alleged that it was not true that on that date he owed Green any sum of money, a fact which both defendants knew; that his attorney in fact had no authority to borrow money or to acknowledge imaginary debts, and that he had no knowledge of the mortgage or of its record until April 27, 1917. In his answer José B. Pérez admitted all of the allegations of the complaint. Enrique O. Green alleged that the said amount was owing to him and that the mortgage was created to secure its payment, the said mortgage contract having been acknowledged later and admitted to be genuine by the plaintiff, who agreed to pay the $5,000 and interest within one year. He also raised the defense that the action was barred by limitation.

After trial and judgment the plaintiff took the present appeal.

As one of the grounds of the judgment appealed from is that the action was barred because the complaint was filed in 1920, or more than four years after the execution of the contract, we shall consider this question first, for if the limitation period of the action had expired, this will be a sufficient ground for affirming the judgment.

It was attempted to prove at the trial that the plaintiff knew of the mortgage deed during the year 1914 in which it was executed, and the trial court so found, but this is of no importance, because the plaintiff brought a similar action on June 4, 1917, in the United States District Court for Porto Rico; and although on appeal from the judgment rendered in that action it was held that the said court had no jurisdiction, that action, though brought in a court without jurisdiction, interrupted the running of the period of limitation in accordance with section 1874 of the Civil Code, which provides that prescription of actions is interrupted

by their institution before the courts, by extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor. *Sorrell* v. *Laurent,* 27 La. Ann. 70.

This question being disposed of, let us see whether the attorney in fact had authority to enter into the contract involved in this action.

The notarial power of attorney executed by the plaintiff in 1913 in favor of his son-in-law, José B. Pérez, had not been revoked when he created the mortgage in the name of his principal in favor of Green, and it empowered him to acquire and alienate personal or real property on such terms and conditions as he might stipulate; to execute, accept, assign and cancel all kinds of real rights, whether mortgages, annuities or others; to sign, endorse and protest bills of exchange, promissory notes, checks and any other orders of payment and mercantile documents and to accept the same; to lease real property for more than six years, collect the rents for more than three years and agree that the said contracts be recorded in the registry of property; to withdraw from the banks or any other institutions such sums as the principal might have in them on deposit, account current or in any other manner; to enter into mercantile partnerships and dissolve or liquidate them, with the same power and authority that the law confers upon the principal for the formation, dissolution and liquidation of such partnerships; to manage all of his properties, harvest and sell their crops, whether standing or gathered and stored; to enter into agricultural loan contracts; to hire and discharge employees and to exercise in such management all the powers that the principal would have in that respect; to demand the rendition of accounts and to approve or reject them; to give receipts for the sums received, or to allow the reduction or deferring of any debts, or both; to delegate his power freely; to engage lawyers for defending the interests of the principal, and to execute in public

or private instruments such contracts as might be made by virtue of or under the power of attorney.

The said powers conferred upon the attorney in fact show that Antonio Diez not only gave José B. Pérez full and general authority to act in his name, but expressly gave him authority to create mortgages, to execute in public instruments such contracts as he might make and to sign promissory notes, which are documents in which debts are acknowledged; therefore, we can not declare null and void the deed of June 1, 1914, in which the attorney in fact created a mortgage on a property belonging to his principal to secure to Green the payment of the $5,000 acknowledged by the attorney in fact to be owing to Green by his principal.

In view of this conclusion it is unnecessary to consider whether the plaintiff ratified the said mortgage contract in a conversation with Green in the presence of Carlos V. Urrutia on September 8, 1914.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Hutchison and Franco Soto concurred.